■ J. T. ECKERSON, INC., Respondent, v. DAVID G. SHERWOOD et al., Appellants.— In an action based on a contract to dig a well, defendants appeal from an order of the Supreme Court, Dutchess County, dated October 31, 1967 and entered in Orange County, which granted plaintiff's motion for summary judgment. Order reversed, on the law, with $10 costs and disbursements, and motion denied. No questions of fact were considered. Upon the facts set forth in the record, triable issues exist as to the giving of an oral guarantee that water would be found and as to whether the work was done in a workmanlike manner. Christ, Acting P. J., Brennan, Rabin, Munder and Martuscello, JJ., concur.

■ In the Matter of WILLIE DRISKELL, Appellant, v. CITY OF NEW YORK, Respondent.— In a proceeding for leave to serve a notice of claim against respondent (General Municipal Law, § 50-e, subd. 5), petitioner appeals from an order of the Supreme Court, Kings County, dated February 14, 1968, which denied the application. Order reversed, on the law and the facts, with $10 costs and disbursements; application granted; and service of notice of claim, heretofore made, deemed valid. On February 19, 1967 petitioner was struck by an automobile while crossing an intersection. After x-ray examination at Coney Island Hospital, he was told nothing was wrong and was directed to leave despite his complaint of a pain in his ankle. On March 17, 1967 he incurred an " excruciating " pain in his left ankle. After admission to Bellevue Hospital and x-ray examination, it was determined that he had sustained a " tri-malleolar " fracture of the left ankle. He was confined to Bellevue until April 20, 1967 and then to a convalescent home until July 11, 1967. During this period he was disabled and unable to walk. Petitioner was sought as a witness for a man injured in the same accident as he who was similarly released from the hospital on the night of the occurrence but who was recalled by the hospital a week later for treatment of a fractured knee. Petitioner was first contacted on May 23, 1967; although his notice of claim was immediately prepared, it was not received by respondent until May 25, 1967, five days after the statutory 90-day period to file had expired. Under these facts we consider petitioner to have been physically incapacitated within the intendment of subdivision 5 of section 50-e. This being so, discretion should have been exercised to excuse the late filing of the notice of claim (*Matter of Teevan* v. *City of New York*, 28 A D 2d 1211; *Matter of Braunstein* v. *City of New York*, 272 App. Div. 1060; *Haines* v. *City of New York*, 270 App. Div. 1003, affd. 296 N. Y. 702), particularly when no prejudice will result to respondent. Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.